UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE LUIS PELAEZ, INC. AND JOSE PELAEZ, | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) |
| PEARSON EDUCATION, INC. | ) |
| | ) |
| Defendant. | ) |

Civil Action No. 2:16-cv-5216

COMPLAINT FOR COPYRIGHT INFRINGEMENT

DEMAND FOR JURY TRIAL

Plaintiffs Jose Luis Pelaez, Inc. ("JLPI") and Jose Pelaez, located at 426 53rd St West New York NJ, 07093, for their Complaint against Defendant Pearson Education, Inc. ("Pearson"), located at 1 Lake Street, Upper Saddle River, NJ, 07458, allege:

## STATEMENT OF ACTION

1.     This is a copyright infringement action brought by Jose Pelaez and his company JLPI, owners of copyrights to the photographs ("Photographs") described hereafter, against Pearson, for unauthorized uses of Plaintiffs' photographs in its publications.

## PARTIES

2.     Jose Pelaez is a professional photographer, and president and sole owner of Jose Luis Pelaez, Inc., a corporation duly organized under the laws of New Jersey, with its principal place of business in West New York, New Jersey.

3.     Pearson is a sophisticated global publisher with its principle place of business in Upper Saddle River, New Jersey.  Pearson sells and distributes its publications in the District of New Jersey, throughout the United States, and overseas, including the publications and ancillary materials in which Plaintiffs' photographs are unlawfully reproduced.  At all times pertinent to the allegations herein, Pearson acted through or in concert with its various imprints, divisions, subsidiaries, affiliates, and/or third parties.

1

## JURISDICTION

4.      This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States.  This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338 (copyright).

## VENUE

5.      Venue is appropriate in this District pursuant to 28 U.S.C. §§ 1391(a) and (b) and 28 U.S.C. §§ 1400(a).

## FACTS COMMON TO ALL COUNTS

6.      Plaintiffs own the copyrights to the photographic images depicted in Exhibits 1 and 2 ("the Photographs").  Jose Luis Pelaez owns the copyrights in Photographs created before June 30, 1997.  JLPI owns the copyrights in Photographs created on or after June 30, 1997.

7.      The Photographs have been registered with the United States Copyright Office or have pending copyright registrations.  For the Photographs with pending registrations, complete applications, fees, and deposit materials for copyright registrations have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. §§ 101, *et seq.*

8.      Plaintiffs entered into agreements with stock photography agencies, including Corbis Corporation ("Corbis") and its predecessor The Stock Market ("TSM"), as well as Getty Images ("Getty") (hereafter referred to collectively as '"the Agencies"), authorizing them to market the Photographs to third parties, including Pearson.

9.      Upon information and belief, between 1992 and the present, Pearson obtained access to the Photographs from the Agencies.  *See* Exhibit 1, which includes information from JLPI's royalty statements from TSM and Corbis, and Exhibit 2, which includes information from JLPI's royalty statements from Getty.  Exhibits 1 and 2 identify JLPI's image ID and image

description; the invoice number and date; and the Pearson imprint that was given access to the Photograph(s).

10.    Shortly after obtaining access to the Photographs, upon information and belief Pearson infringed Plaintiffs' copyrights in various ways, including:

    a.  printing unauthorized copies of the Photographs in its educational publications;

    b.  distributing the Photographs throughout the world;

    c.  publishing the Photographs in electronic, ancillary, or derivative publications without permission; and

    d.  publishing the Photographs in international editions and foreign publications without permission.

11.    Pearson alone knows the full extent to which it has infringed Plaintiffs' copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with Plaintiffs. Upon information and belief, Pearson reproduced Plaintiffs' photographs in the publications identified in Exhibits 1 and 2, and in additional publications as yet undisclosed.

12.    Other photographers and stock photography agencies have brought legal actions against Pearson alleging copyright infringement claims like those asserted by Plaintiffs in this action. Since 2009, Pearson has been sued for copyright infringement by photographers and stock photo agencies in at least 30 actions.

13.    On May 3, 2010, and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson had published photographs in its textbooks in some instances without obtaining any permission and had printed in excess of license limits in situations where licenses were obtained.

14.    On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the

FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained."

15.    Pearson has been adjudicated a copyright infringer for unauthorized use of photographs in its publications.  In *Bean et al., v. Pearson Education, Inc.*, 949 F.Supp.2d. 941 (D. Ariz. 2013), Pearson was found liable on summary judgment for 418 claims of unauthorized uses of photographs in its textbooks.  In *Frerck v. Pearson Education, Inc.*, 63 F.Supp.3d 882 (N.D. Ill. 2014), Pearson was found liable on summary judgment for 343 claims of unauthorized uses of photographs in its textbooks.

### *Indirect Copyright Infringement*

16.    Pearson facilitates the international distribution of its publications, in part, through its international rights management group ("IRMG") located in Indiana and New Jersey.  The IRMG website indicates that it is the IRMG's "mission to maximize the number of translations and local versions published that are based upon products of Pearson Education," and that the IRMG "arranges for approximately 4,000 licenses annually, which includes translations in some 50 languages read around the world."  The IRMG website also indicates that its team "frequently travels to countries to visit with local publishing partners who are interested in obtaining foreign rights to our books."  Exhibit 3.

17.    Upon information and belief, Pearson reproduced and distributed the Photographs without Plaintiffs' permission to other entities, subsidiary companies, divisions, affiliates and/or third parties ("Third Parties").  Upon information and belief, Pearson's unauthorized reproduction and distribution to the Third Parties took place in the United States.

18.    Upon information and belief, the Third Parties then translated the publications at issue into additional languages or published them in local adaptations or reprints and included the Photographs in these publications without Plaintiffs' permission.  For example, Pearson reproduced

and distributed Photographs to the Third Party publishers in the German translation of *Psychologie - Entwicklungspsychologie* by Berk,  3, Aktualisierte Auflage – 9783827371102.  Exhibit 4.

19.    Upon information and belief, Pearson Education Deutschland Gmbh created and distributed one or more translations containing Plaintiffs' Photographs without Plaintiffs' permission.

20.    Without discovery, Plaintiffs have no way of comprehensively learning which Photographs Pearson transmitted to Third Parties.  Upon information and belief, Pearson has, and could easily produce, documents evidencing the terms of its agreements with Third Parties and its transmission and distribution of the Photographs.

21.    Upon information and belief, Pearson knew, when it reproduced and distributed the Photographs to the Third Parties – which Pearson did not have the right to do – that the Third Parties would subsequently reproduce and distribute the Photographs without Plaintiffs' authorization.

22.    Upon information and belief, Pearson knew that the Third Parties were continuing to reproduce and distribute the Photographs without authorization.

23.    Upon information and belief, the Third Parties paid ongoing, periodic royalties based on the number of sales of the translations containing the Photographs.

24.    Upon information and belief, Pearson had the right and ability to control the Third Parties' use of the Photographs.

25.    Upon information and belief, Pearson directly profited from its transmission of the Photographs to the Third Parties since the Third Parties paid Pearson for access to the content in its publications, which included the Photographs.

26.    All exhibits attached hereto are incorporated into this complaint by this reference.

## COUNT I

### *Copyright infringement against Pearson*

27.     Plaintiffs incorporate herein by this reference each and every allegation contained in the paragraphs set forth above.

28.     The foregoing acts of Pearson constitute infringements of Plaintiffs' copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

29.     Plaintiffs suffered damages as a result of Pearson's unauthorized use of the Photographs.

## COUNT II

### *Contributory and/or vicarious copyright infringement against Pearson*

30.     Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

31.     The foregoing acts of Pearson constitute contributory and/or vicarious infringement of Plaintiffs' copyrights in the Photographs in violation of 17 U.S.C. §§ 501 *et seq.*

32.     Plaintiffs suffered damages as a result of the unauthorized use of the Photographs.

**WHEREFORE**, Plaintiffs request the following:

1.     A preliminary and permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, selling or offering to sell Plaintiffs' Photographs described in this Complaint and Plaintiffs' photographs not included in suit.

2.     As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiffs' Photographs used in violation of Plaintiffs' exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiffs' authorization.

6

3.      An award of Plaintiffs' actual damages and all profits derived from the unauthorized use of Plaintiffs' Photographs or, where applicable and at Plaintiffs' election, statutory damages.

4.      An award of Plaintiffs' reasonable attorneys' fees.

5.      An award of Plaintiffs' court costs, expert witness fees, interest and all other amounts authorized under law.

6.      Such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues permitted by law.

DATED: August 26, 2016

Plaintiffs Jose Luis Pelaez, Inc. and Jose Pelaez
by their attorneys,

s/ Ben Manevitz
Ben D. Manevitz
The Manevitz Law Firm
850 Clifton Avenue
Clifton, NJ 07013
Tel: (973) 594-6529
E-mail:  ben@manevitzlaw.com

Maurice Harmon
Harmon & Seidman LLC
11 Chestnut Street
New Hope, PA 18938
Tel: (917) 516-4434
E-mail:  maurice@harmonseidman.com

Amanda L. Bruss
Harmon & Seidman LLC
8728 East 54th Place
Denver, CO 80238
Tel: (415) 271-5754
E-mail:  amanda@harmonseidman.com