David W. Marston Jr.
(Pro Hac Vice Application To Be Filed)
Morgan, Lewis & Bockius LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131
Telephone: +1.305.415.3443
Facsimile: +1.305.415.3001
david.marston@morganlewis.com

Dana E. Becker
Karl A. Schweitzer
(Pro Hac Vice Application To Be Filed)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001
dana.becker@morganlewis.com
karl.schweitzer@morganlewis.com

*Attorneys for Defendant Pearson Education, Inc.*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| JOSE LUIS PELAEZ, INC. AND JOSE PELAEZ, | ) | Civil Action No. 2:16-cv-5216 |
| | ) | |
| | ) | Hon. William J. Martini |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PEARSON EDUCATION, INC. | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT**
**PEARSON EDUCATION, INC. TO PLAINTIFFS' COMPLAINT**

Defendant Pearson Education, Inc. ("Pearson"), by and through its undersigned counsel, hereby answers the Complaint filed by Plaintiffs Jose Luis Pelaez, Inc. and Jose Pelaez (collectively, "Pelaez") in accordance with the numbered paragraphs thereof as follows:

**STATEMENT OF ACTION**

1. This is a copyright infringement action brought by Jose Pelaez and his company JLPI, owners of copyrights to the photographs ("Photographs") described hereafter, against Pearson, for unauthorized uses of Plaintiffs' photographs in its publications.

**ANSWER**: It is admitted only that Jose Pelaez filed this action against Pearson alleging copyright infringement. Pearson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are therefore denied.

**PARTIES**

2. Jose Pelaez is a professional photographer, and president and sole owner of Jose Luis Pelaez, Inc., a corporation duly organized under the laws of New Jersey, with its principal place of business in West New York, New Jersey.

**ANSWER:** It is admitted only that Pelaez is a photographer. Pearson lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations of this paragraph and they are therefore denied.

3. Pearson is a sophisticated global publisher with its principle place of business in Upper Saddle River, New Jersey. Pearson sells and distributes its publications in the District of New Jersey, throughout the United States, and overseas, including the publications and ancillary materials in which Plaintiffs' photographs are unlawfully reproduced. At all times pertinent to the allegations herein, Pearson acted through or in concert with its various imprints, divisions, subsidiaries, affiliates, and/or third parties.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, it is admitted only that Pearson sells and distributes its publications in the United States. The remaining allegations of this paragraph are denied.

**JURISDICTION**

4. This is an action for injunctive relief, statutory damages, monetary damages, and interest under the copyright laws of the United States. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question) and 1338 (copyright).

**ANSWER**: It is admitted only that the Complaint purports to state claims under the Copyright Act, 17 U.S.C. §§ 101 et seq. The remaining allegations of this paragraph are conclusions of law to which no response is required and they are, therefore, denied.

**VENUE**

5. Venue is appropriate in this District pursuant to 28 U.S.C. § 1391(a) and (b) and 28 U.S.C. § 1400(a).

**ANSWER**: The allegations of this paragraph are conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations of this paragraph are denied.

**FACTS COMMON TO ALL COUNTS**

6. Plaintiffs own the copyrights to the photographic images depicted in Exhibits 1 and 2 (“the Photographs”). Jose Luis Pelaez owns the copyrights in Photographs created before June 30, 1997. JLPI owns the copyrights in Photographs created on or after June 30, 1997.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, Pearson lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and they are, therefore, denied.

7. The Photographs have been registered with the United States Copyright Office or have pending copyright registrations. For the Photographs with pending registrations, complete

applications, fees, and deposit materials for copyright registrations have been received by the Copyright Office in compliance with the Copyright Act, 17 U.S.C. § 101, *et seq*.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, Pearson lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and they are, therefore, denied.

8. Plaintiffs entered into agreements with stock photography agencies, including Corbis Corporation ("Corbis") and its predecessor The Stock Market ("TSM"), as well as Getty Images ("Getty") (hereafter referred to collectively as "'the Agencies"), authorizing them to market the Photographs to third parties, including Pearson.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, Pearson lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and they are, therefore, denied.

9. Upon information and belief, between 1992 and the present, Pearson obtained access to the Photographs from the Agencies. See Exhibit 1, which includes information from JLPI's royalty statements from TSM and Corbis, and Exhibit 2, which includes information from JLPI's royalty statements from Getty. Exhibits 1 and 2 identify JLPI's image ID and image description; the invoice number and date; and the Pearson imprint that was given access to the Photograph(s).

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, it is admitted only that, over the years, Pearson has licensed photographs from stock photography

agencies. These licenses consist of various documents and communications that speak for themselves and Pelaez's characterization of those documents and communications is denied. The allegations of this paragraph refer to "royalty statements" which were not attached to the Complaint and are written documents that speak for themselves and Pelaez's characterization of them is, therefore, denied. By way of further response, the Exhibits referenced in this paragraph are documents that speak for themselves and Pelaez's characterizations of them are, therefore, denied. The allegations of this paragraph are otherwise denied.

10. Shortly after obtaining access to the Photographs, upon information and belief Pearson infringed Plaintiffs' copyrights in various ways, including:

a. printing unauthorized copies of the Photographs in its educational publications;

b. distributing the Photographs throughout the world;

c. publishing the Photographs in electronic, ancillary, or derivative publications without permission; and

d. publishing the Photographs in international editions and foreign publications without permission.

**ANSWER**: The allegations of this paragraph and its subparts contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations of this paragraph are denied.

11. Pearson alone knows the full extent to which it has infringed Plaintiffs' copyrights by making unauthorized uses of the Photographs, but it has not shared this knowledge with Plaintiffs. Upon information and belief, Pearson reproduced Plaintiffs' photographs in the publications identified in Exhibits 1 and 2, and in additional publications as yet undisclosed.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no

response is required and they are, therefore, denied. To the extent a response is required, the allegations of this paragraph are denied.

12. Other photographers and stock photography agencies have brought legal actions against Pearson alleging copyright infringement claims like those asserted by Plaintiffs in this action. Since 2009, Pearson has been sued for copyright infringement by photographers and stock photo agencies in at least 30 actions.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. It is admitted only that since 2009, Pearson has been sued for copyright infringement in numerous actions. By way of further response, the majority of these lawsuits have not been adjudicated on the merits and the law is clear that paragraphs in a complaint that are either based on, or rely on, complaints in other actions that have been dismissed, settled, or otherwise resolved, are, as a matter of law, immaterial within the meaning of Fed. R. Civ. P. 12(f). By way of further response, the public filings referenced in this paragraph are documents that speak for themselves and any characterizations thereof are denied. The allegations of this paragraph are otherwise denied.

13. On May 3, 2010, and January 13, 2011, Julie Orr, Pearson's Curriculum Group's Image Manager, Rights and Permissions, testified that Pearson had published photographs in its textbooks in some instances without obtaining any permission and had printed in excess of license limits in situations where licenses were obtained.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. By way of further response, the purported testimony referenced in this paragraph speaks for itself and Pelaez's characterizations of such testimony are, therefore, denied. The allegations of this paragraph are otherwise denied.

14. On June 16, 2010, Maureen Griffin, Pearson's Curriculum Group's Photo Commissions Editor, testified that Pearson had published photographs in its textbooks "before the FTP [file to printer] date" and that "the number of textbooks printed exceeded the licenses we obtained."

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. By way of further response, the purported testimony referenced in this paragraph speaks for itself and Pelaez's characterizations of such testimony are, therefore, denied. The allegations of this paragraph are otherwise denied.

15. Pearson has been adjudicated a copyright infringer for unauthorized use of photographs in its publications. In *Bean et al., v. Pearson Education, Inc.*, 949 F.Supp.2d. 941 D. Ariz. 2013), Pearson was found liable on summary judgment for 418 claims of unauthorized uses of photographs in its textbooks. In *Frerck v. Pearson Education, Inc.*, 63 F.Supp.3d 882 (N.D. Ill. 2014), Pearson was found liable on summary judgment for 343 claims of unauthorized uses of photographs in its textbooks.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. By way of further response, the purported "adjudications" referenced in this paragraph are opinions issued by district courts that speaks for themselves and Pelaez's characterization of such "adjudications" is, therefore, denied. It is admitted only that partial summary judgment was entered against Pearson in the cases identified. The allegations of this paragraph are otherwise denied.

***Indirect Copyright Infringement***

**ANSWER:** The characterization in this section header is specifically denied.

16. Pearson facilitates the international distribution of its publications, in part, through its international rights management group ("IRMG") located in Indiana and New Jersey.

The IRMG website indicates that it is the IRMG's "mission to maximize the number of translations and local versions published that are based upon products of Pearson Education," and that the IRMG "arranges for approximately 4,000 licenses annually, which includes translations in some 50 languages read around the world." The IRMG website also indicates that its team "frequently travels to countries to visit with local publishing partners who are interested in obtaining foreign rights to our books." Exhibit 3.

**ANSWER:** It is admitted only that Pearson had a group known as the international rights management group. By way of further response, the website and Exhibit referenced in this paragraph speak for themselves and Pelaez's characterizations of them are, therefore, denied. The allegations of this paragraph are otherwise denied.

17. Upon information and belief, Pearson reproduced and distributed the Photographs without Plaintiffs' permission to other entities, subsidiary companies, divisions, affiliates and/or third parties ("Third Parties"). Upon information and belief, Pearson's unauthorized reproduction and distribution to the Third Parties took place in the United States.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations of this paragraph are denied.

18. Upon information and belief, the Third Parties then translated the publications at issue into additional languages or published them in local adaptations or reprints and included the Photographs in these publications without Plaintiffs' permission. For example, Pearson reproduced and distributed Photographs to the Third Party publishers in the German translation of *Psychologie* **-** *Entwicklungpsychologie* by Berk, 3, Aktualisierte Auflage — 9783827371102. Exhibit 4.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations of this paragraph are denied. By way of further response, the Exhibit referenced in this paragraph is a document that speaks for itself and Pelaez's characterization of it is, therefore, denied.

19. Upon information and belief, Pearson Education Deutschland Gmbh created and distributed one or more translations containing Plaintiffs' Photographs without Plaintiffs' permission.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, it is admitted only that Pearson has entered into license agreements with certain companies to create and distribute translations. By way of further response, the documents referenced in this paragraph are documents that speak for themselves and Pelaez's characterization of them is, therefore, denied. The allegations of this paragraph are otherwise denied.

20. Without discovery, Plaintiffs have no way of comprehensively learning which Photographs Pearson transmitted to Third Parties. Upon information and belief, Pearson has, and could easily produce, documents evidencing the terms of its agreements with Third Parties and its transmission and distribution of the Photographs.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the agreements referenced in this paragraph are documents that speak for themselves and Pelaez's characterization of them is, therefore, denied. The allegations of this paragraph are otherwise denied.

21. Upon information and belief, Pearson knew, when it reproduced and distributed the Photographs to the Third Parties — which Pearson did not have the right to do — that the Third Parties would subsequently reproduce and distribute the Photographs without Plaintiffs' authorization.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations of this paragraph are denied.

22. Upon information and belief, Pearson knew that the Third Parties were continuing to reproduce and distribute the Photographs without authorization.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. By way of further response, with respect to the alleged conduct of unidentified "Third Parties," Pearson lacks knowledge or information sufficient to form a belief about the truth of this allegation and it is, therefore, denied. To the extent a further response is required, the allegations of this paragraph are denied.

23. Upon information and belief, the Third Parties paid ongoing, periodic royalties based on the number of sales of the translations containing the Photographs.

**ANSWER**: It is admitted only that Pearson received consideration from certain companies who entered into license agreements to create and distribute translations. By way of further response, the agreements referenced in this paragraph are documents that speak for themselves and Pelaez's characterization of them is, therefore, denied. The allegations of this paragraph are otherwise denied.

24. Upon information and belief, Pearson had the right and ability to control the Third Parties' use of the Photographs.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a further response is required, the allegations of this paragraph are denied.

25. Upon information and belief, Pearson directly profited from its transmission of the Photographs to the Third Parties since the Third Parties paid Pearson for access to the content in its publications, which included the Photographs.

**ANSWER:** The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. By way of further response, it is admitted only that Pearson received consideration from certain companies who entered into license agreements to create and distribute translations. The agreements referenced in this paragraph are documents that speak for themselves and Pelaez's characterization of them is, therefore, denied. To the extent a further response is required, the allegations of this paragraph are denied.

26. All exhibits attached hereto are incorporated into this complaint by this reference.

**ANSWER:** The exhibits attached to the Complaint are documents that speak for themselves and any characterization of those documents or any testimony they purport to reflect are, therefore, denied.

**COUNT I**

***Copyright infringement against Pearson***

**ANSWER:** The characterization in this section header is specifically denied.

27. Plaintiffs incorporate herein by this reference each and every allegation contained in the paragraphs set forth above.

**ANSWER**: Pearson incorporates by reference its responses to the foregoing paragraphs of its Answer as if set forth fully herein.

28. The foregoing acts of Pearson constitute infringements of Plaintiffs' copyrights in the Photographs in violation of 17 U.S.C. § 501 *et seq*.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations are denied.

29. Plaintiffs suffered damages as a result of Pearson's unauthorized use of the Photographs.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations are denied.

**COUNT II**

***Contributory and/or vicarious copyright infringement against Pearson***

**ANSWER**: The characterization in this section header is specifically denied.

30. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

**ANSWER:** Pearson incorporates by reference its responses to the foregoing paragraphs of its Answer as if set forth fully herein.

31. The foregoing acts of Pearson constitute contributory and/or vicarious infringement of Plaintiffs' copyrights in the Photographs in violation of 17 U.S.C. § 501 *et seq*.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no response is required and they are, therefore, denied. To the extent a response is required, the allegations are denied.

32. Plaintiffs suffered damages as a result of the unauthorized use of the Photographs.

**ANSWER**: The allegations of this paragraph contain conclusions of law to which no

response is required and they are, therefore, denied. To the extent a response is required, the allegations are denied.

**WHEREFORE,** Plaintiffs request the following:

1. A preliminary and permanent injunction against Defendant and anyone working in concert with Defendant from copying, displaying, distributing, selling or offering to sell Plaintiffs' Photographs described in this Complaint and Plaintiffs' photographs not included in suit.

2. As permitted under 17 U.S.C. § 503, impoundment of all copies of Plaintiffs' Photographs used in violation of Plaintiffs' exclusive copyrights as well as all related records and documents and, at final judgment, destruction or other reasonable disposition of the unlawfully used Photographs, including digital files and any other means by which they could be used again by Defendant without Plaintiffs' authorization.

3. An award of Plaintiffs' actual damages and all profits derived from the unauthorized use of Plaintiffs' Photographs or, where applicable and at Plaintiffs' election, statutory damages.

4. An award of Plaintiffs' reasonable attorneys' fees.

5. An award of Plaintiffs' court costs, expert witness fees, interest and all other amounts authorized under law.

6. Such other and further relief as the Court deems just and proper.

**ANSWER:** Pearson denies that Pelaez is entitled to any damages or other relief, including the relief requested, and further denies the allegations contained in the WHEREFORE paragraph and its subparts.

**ADDITIONAL DEFENSES**

In further response to the Complaint, Pearson pleads the following additional defenses:

1. The Complaint fails to state a claim upon which relief may be granted.

2. Pelaez's claims are barred, in whole or in part, to the extent Pelaez lacks standing.

3. Venue in the District of New Jersey is improper for some or all of the claims in suit.

4. Pelaez's claims, in whole or in part, are subject to mandatory arbitration according to the terms and conditions in Pelaez's invoices.

5. Pelaez's claims are barred, in whole or in part, to the extent Pelaez does not own validly registered copyrights in the photographs at issue.

6. Pelaez's claims are barred, in whole or in part, to the extent that Pelaez is not a legal or beneficial owner of one of the exclusive rights contemplated by Section 106 of the Copyright Act.

7. Pelaez's claims are barred, in whole or in part, by the doctrines of waiver and estoppel.

8. Pelaez's claims are barred, in whole or in part, because Pelaez came into this suit with unclean hands and it is, therefore, not entitled to relief.

9. Pelaez's claims are barred, in whole or in part, by the terms of the licenses and/or preferred vendor agreements.

10. Pelaez's claims are barred, in whole or in part, because certain provisions allegedly contained in the parties' license agreements are not made part of those agreements and/or are unenforceable.

11. Pelaez's claims are barred, in whole or in part, to the extent Pelaez failed to meet contractual preconditions or conditions precedent before filing this action.

12. Pelaez's claims are barred, in whole or in part, based on accord and satisfaction.

13. Pelaez's claims are barred, in whole or in part, by implied license.

14. Pelaez's claims are barred, in whole or in part, by the doctrines of *de minimis* use and fair use.

15. The actions Pelaez complains of, if true, would constitute at most breach of contract and not copyright infringement.

16. Pelaez's claims and/or alleged damages are barred, in whole or part, because if Defendant exceeded any rights provided to it by Pelaez or Pelaez's agents, Defendant was acting in good faith and with innocent intent.

17. Under Section 412(1) of the Copyright Act, Pelaez is barred from recovering statutory damages and attorneys' fees, as provided by Sections 504 and 505 of the Copyright Act, because the effective dates of certain alleged copyright registrations for Pelaez's works occurred after the commencement of the alleged infringement of Pelaez's copyrights.

18. Pelaez's claims are barred, in whole or in part, by the applicable statute of limitations.

19. Pelaez's damages, if any, are limited to the three-year period before the Complaint was filed. As stated by the U.S. Supreme Court, "[n]o recovery may be had for infringement in earlier years. Profits made in those years remain the defendant's to keep."

20. Pelaez's claims for copyright infringement are barred, in whole or in part, by the consent arising from the course of dealing between the parties to the transactions at issue in this proceeding.

21. Pelaez has failed to allege its purported actual damages with the requisite particularity.

22. Pelaez's alleged damages may be limited or capped by certain provisions in Pelaez's invoices to the extent such provisions are found to be part of the licenses at issue and are enforceable.

23. Pelaez has failed to mitigate its purported damages by failing to monitor the use of the works for which it was engaged in a licensing business.

24. Pelaez's request for injunctive relief and for "destruction or other reasonable disposition of the unlawfully used Photographs" is barred by the lack of any irreparable harm from the purported conduct, if at all, by Pearson.

25. Pelaez's request for injunctive relief and for "destruction or other reasonable disposition of the unlawfully used Photographs" is barred by the license, implied or express, and/or other legal rights to continue to possess such photographs by Pearson.

Respectfully submitted

Dated: December 30, 2016

/s/ Dana E. Becker_______________

David W. Marston Jr.
(Pro Hac Vice Application To Be Filed)
Morgan, Lewis & Bockius LLP
200 S. Biscayne Blvd., Suite 5300
Miami, FL 33131
Telephone: +1.305.415.3443
Facsimile: +1.305.415.3001
david.marston@morganlewis.com

Dana E. Becker
Karl A. Schweitzer
(Pro Hac Vice Application To Be Filed)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: +1.215.963.5000
Facsimile: +1.215.963.5001

dana.becker@morganlewis.com
karl.schweitzer@morganlewis.com

*Attorneys for Defendant Pearson Education, Inc.*

**CERTIFICATE OF SERVICE**

I do hereby certify that on this date, I caused true and correct copies of the foregoing document to be served via electronic filing upon the following counsel of record via the ECF system and/or e-mail:

Ben D. Manevitz
The Manevitz Law Firm
805 Clifton Ave.
Clifton, NJ 07013
(973) 556-4164
ben@manevitz.com

*Attorneys for Plaintiffs*

DATED: December 30, 2016

/s/ Dana E. Becker
Dana E. Becker