UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

JOSE LUIS PELAEZ, INC. AND JOSE
PELAEZ,

        Plaintiffs,

   v.

PEARSON EDUCATION, INC.,

        Defendant.

Civ. No. 2:16-5216

OPINION

**WILLIAM J. MARTINI, U.S.D.J.**

    Plaintiffs Jose Luis Pelaez, Inc. and Jose Pelaez (together, "Pelaez") bring this copyright infringement action against Defendant Pearson Education, Inc. ("Pearson"). Pelaez contends Pearson infringed his copyrights in certain photographs (the "Photographs"). Compl. ¶ 1, Ex. 1, ECF No. 1. Before the Court is Pelaez's Motion for Leave to File a First Amended Complaint. Pls.' Mot., ECF No. 67. The Court decides the matter on the papers without need for oral argument. Fed. R. Civ. P. 78(b); Local Civ. R. 78.1(b). For the reasons given below, the motion is **DENIED**.

**I. RELEVANT BACKGROUND**

    Pelaez is a professional photographer and president and sole owner of Jose Luis Pelaez, Inc. Compl. ¶ 2. Pearson publishes school textbooks and other educational materials. *Id.* ¶¶ 3, 10. Pelaez owns the copyrights to the Photographs, which "have been registered with the United States Copyright Office or having pending copyright registrations." *Id.* ¶ 7. From 1992 to 2016, Pelaez had agreements with stock photograph agencies, including Corbis Corporation ("Corbis"), which authorized Corbis to grant third parties like Pearson limited licenses to use the Photographs. *Id.* ¶¶ 8, 9.

    On August 26, 2016, Pelaez filed suit against Pearson. He alleges Pearson infringed his copyrights to the Photographs when Pearson exceeded usage restrictions in the licensing agreements because "Pearson reproduced and distributed the Photographs without [Pelaez's] permission to . . . third parties" worldwide. *Id.* ¶ 17. Also, "Pearson knew, when it reproduced and distributed the Photographs to the Third Parties—which Pearson did not have the right to do—that the Third Parties would subsequently [and continuously] reproduce and distribute the Photographs without [Pelaez's] authorization." *Id.* ¶¶ 21, 22.

    When the parties completed discovery in June 2018, Pelaez contends he "disclosed to Pearson the claims he intended to take to trial in his claims summary, served on June 7,

2018." Pls.' Mot. at 12. Five months later, the parties filed competing motions for summary judgment. Pearson's Summ. J. Mot., ECF Nos. 43; Pls.' Partial Summ. J. Mot., ECF No. 45. After filing its motion, Pearson filed a supplemental motion for summary judgment upon learning that Pelaez had submitted new copyright registrations with the Copyright Office on hundreds of the Photographs. Suppl. Summ. J. Mot. 1, ECF No. 56. Pelaez submitted these new applications on February 3, 2017, during litigation and more than six months *after* he filed this action in which he alleged to have already registered or had pending registrations on the Photographs. *See id.* at 5–6; Compl. ¶ 7.

Pelaez contends he included the new registrations in a spreadsheet provided in discovery and there was no need to inform Pearson of the disparity between allegations in the Complaint of having registered the Photographs before filing suit and then applying for copyright registration only after he filed the Complaint. Pls.' Mot. at 3–4. Pearson faults Pelaez for withholding disclosure, since he had opportunities to share the new registration information days later at a February 8, 2017 conference, in the Joint Discovery Plan submitted two weeks later, or at the Rule 16 conference. Def.'s Opp'n 14, ECF No. 70.

Facing Pearson's original and supplemental summary judgment motions and notice of motion for sanctions, Pelaez now seeks leave "to clarify the facts and allegations currently at issue in this case[]" and "narrow[] the pleadings by removing certain infringement allegations based on Pearson's discovery production." Pls.' Mot. at 2. Specifically, Pelaez intends to (1) supplement the copyright registrations obtained after he filed suit and (2) withdraw certain infringement claims for which Pearson had already moved for summary judgment, which Pelaez opposed. Yet Pelaez argues amendment is unnecessary because "every single claim identified in [his] proposed [First Amended Complaint] was asserted in the original Complaint." Pls.' Reply 9, ECF No. 71; *id.* at 7 & n.15 ("Pelaez strongly disputes Pearson's contentions and does not believe that amendment is actually necessary here," because "the Corbis registrations remain a legally sufficient basis for suit."). Pelaez also seeks to "withdraw claims where the evidence produced does not reflect infringement by Pearson to date and where Pearson's records have apparently gone missing." Pls.' Mot. at 13.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) governs motions to amend. At this stage, "a party may amend its pleadings only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend is generally granted unless there is: (1) undue delay or prejudice; (2) bad faith; (3) dilatory motive; (4) failure to cure deficiencies through previous amendment; or (5) futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir. 1993). The ultimate decision to grant or deny leave is committed to a court's discretion. *See, e.g.*, *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1970); *Arab African Int'l Bank v. Epstein*, 10 F.3d 168, 174 (3d Cir. 1993).

## III. DISCUSSION

Pelaez seeks leave to add the copyright registrations after he filed suit and withdraw certain infringement claims for which Pearson had already moved for summary judgment.

*See* Pls.' Mot at 1–2. Pearson opposes, arguing Pelaez cannot alter the shape of the case after the parties each moved for summary judgment because Pelaez's bad faith and undue delay in seeking leave to amend at this late stage in the proceedings, together with prejudice to Pearson, compels denying the motion. Def.'s Opp'n at 6.

"Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz*, 1 F.3d at 1414. Incidental prejudice, such as delay alone, is insufficient grounds to deny leave to amend. *See In re Caterpillar, Inc.*, 67 F. Supp. 3d 663, 668 (D.N.J. 2014); *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978). When evaluating prejudice, courts must consider whether amendment would: (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delay resolution of the case; or (3) prevent the non-moving party from bringing a timely action in another forum. *See, e.g.*, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (internal citations omitted). Generally, when a "proposed amendment requires the reopening of discovery, the prejudice to the non-moving party will be considered greater than if the proposed amendment presents only a new issue of law." *Voilas v. General Motors Corp.*, 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted). When a plaintiff seeks to withdraw claims, a defendant suffers prejudice when it "face[s] the prospect of potentially relitigating, at some later date, claims it had put significant time and resources into defending and already litigated to the summary-judgment stage." *Estate of Ware v. Hosp. of the Univ. of Penn.*, 871 F.3d 273, 286 (3d Cir. 2017), *cert. denied sub nom. Boyer v. Hosp. of the Univ. of Penn.*, 138 S. Ct. 2018 (2018).

"Courts will deny a motion to amend where the movant's unexplained delay suggests bad faith or tactical design." *Phillips v. Borough of Keyport*, 179 F.R.D. 140, 149 (D.N.J. 1998). For example, a plaintiff seeking leave to amend when the defendant already "moved for summary judgment may be maneuvering desperately to stave off the immediate dismissal of the case." *Id.* at 145 (quoting *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937, 943 (7th Cir. 1995)). When seeking leave to amend after the defendant filed a motion for summary judgment, courts in this District evaluate proposed amendments under a "heightened standard." *Id.* The plaintiff must "show not only that the proposed amendment has 'substantial merit' . . . but also come forward with 'substantial and convincing evidence' supporting the newly asserted claim." *Phillips*, 179 F.R.D. at 145 (citations omitted); *see also Cowen*, 70 F.3d at 944 (citing First Circuit Court of Appeals precedent in applying a "substantial and convincing evidence" standard to support a proposed amendment when a plaintiff sought leave to amend after the defendant filed a summary judgment motion). Thus, "the question of undue delay, as well as the question of bad faith, requires that [the Court] focus on the plaintiffs' motives for not amending their complaint to assert the claims earlier; the issue of prejudice requires . . . focusing on the effect on the defendants." *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (cleaned up).

Pelaez's attempt to amend the claims here would cause Pearson prejudice. No question, Pelaez had prior opportunities but delayed amending sooner. He had could have amended as early as February 3, 2017, when he filed the new registrations or disclosed the

new registrations weeks later at a court status conference or when filing the parties' Joint Discovery Plan. Instead, Pelaez waited over two years, until February 2019, after Pearson filed its supplemental motion for summary judgment. Pelaez avers that reopening discovery would be unnecessary because he produced the registration data during discovery which Pearson failed to review. Yet, Pelaez admitted he "inadvertently overlooked a handful [of certificates] that should have been produced in this case," attaching them to an attorney declaration in January 2019. *See* ECF 62-3, ¶ 12. Consequently, Pearson cannot be denied discovery as to the new registration information Pelaez produced after the close of discovery. *See Voilas*, 173 F.R.D. at 396. If a plaintiff could drop factual allegations in an amended complaint to avoid a merits ruling, then cases would remain in never-ending discovery and trial preparation, forestalling resolution. *See Long*, 393 F.3d at 400; *Cowen*, 70 F.3d at 944; *cf. In re Smith*, 114 F.3d 1247, 1250 n.4 (D.C. Cir. 1997) (noting "it would prejudice the government to permit withdrawal of [a] claim after the government's brief was filed" on that pending claim).

In any event, Pelaez undercuts his own motion. He contends there is no need to amend because "every single claim identified in Pelaez's proposed [first amended complaint] was asserted in the original Complaint." Pls.' Reply at 9; Compl. ¶ 7 (alleging "[t]he Photographs have been registered . . . or have pending copyright registrations"). Thus, Pelaez's delay in seeking leave to amend, coupled with prejudice to Pearson with reopening discovery and having extensively litigated the claims to the summary-judgment stage, warrants denying leave to amend the infringement claims.

Pelaez cannot also voluntarily withdraw claims without prejudice for lack evidentiary support when this case has already been litigated to the summary judgment stage. He had at least two years after learning of the registration issues and six months between the close of discovery and when the parties had already filed summary judgment motions to make such a request. Instead of withdrawing the claims, Pelaez opposed Pearson's motion for summary judgment on those claims which he now concedes "the evidence produced does not reflect infringement by Pearson to date." Pls.' Mot. at 13. Pelaez's move here represents a last-minute move to stave off dismissal. Pearson "put significant time and resources into defending" the infringement claims and litigated them "to the summary-judgment stage." *Estate of Ware*, 871 F.3d at 286. Thus, the Court cannot give do-overs on Pelaez's strategic decisions and, moreover, upon his insistence that the Corbis registrations pleaded in the Complaint "remain a legally sufficient basis for suit." Pls.' Reply at 7 & n.15.

## IV. CONCLUSION

For the reasons set forth above, Pelaez's Motion for Leave to File a First Amended Complaint is **DENIED**. An appropriate order follows.

*/s/ William J. Martini*
**WILLIAM J. MARTINI, U.S.D.J.**

**Dated: June 6, 2019**

4